UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN HUTCHISON,

    Plaintiffs,

vs.

LF, LLC *et al.*,

    Defendants.

Case No. 3:19-cv-355

District Judge Michael J. Newman

---

**ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 13); AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court on Defendant Lowe's Home Centers, LLC's ("Lowe's") motion for summary judgment (Doc. No. 13), Plaintiff's memorandum in opposition, (Doc. No. 14), and Lowe's reply (Doc. No. 15). The Court has considered the foregoing, and this motion is now ripe for review. The following facts are undisputed.

**I.**

On October 8, 2018, Plaintiff was injured at Lowe's when several shelving boards fell on him. Doc. No. 4 at PageID 39. At the time of the incident, he was shopping at Lowe's in Centerville, Ohio for three, eight-foot shelving boards that are one quarter-inch thick and twelve inches wide. Doc. No. 12-1 at PageID 80. Lowe's displayed these boards vertically on columns with other similar boards stacked on top of each other in rows. *Id.*; Doc. No. 13 at PageID 109-11, 112. Lowe's also placed a steel retention chain that ran across the front of the row of columns, presumably to secure the boards from falling if moved. Doc. No. 12-1 at PageID 80. This display differed from comparable displays that Lowe's used in other stores to secure shelving boards -- the chain here was lower than chains in other displays. Doc. No. 13 at PageID 110. Evidence

concerning the location of similar chains in other displays appear in photographs that Plaintiff identified during his deposition. *Id.*

Plaintiff approached the display, grabbed the bottom of the first board in the stack, and pulled it underneath the chain. Doc. No. 12-1 at PageID 80-81. As Plaintiff turned to place the board in his cart, several boards from the display came crashing down and struck him, causing him to black out and suffer substantial head injuries, including, thereafter, recurring headaches. *Id.* at PageID 81, 84; Doc. No. 4 at PageID 39. Plaintiff's wife was the only one present at the time of the incident. *Id.*

Plaintiff filed this suit, alleging that Defendants caused his injury due to their negligence. Doc. 1-1 at PageID 5. Lowe's contends that summary judgment in its favor is warranted because (1) the danger from the display was open and obvious; and (2) Lowe's had no notice of the danger that the display posed. Doc. No. 13 at PageID 120.

**II.**

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Cmty. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*. Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Instead, the party opposing summary judgment has a shifting burden and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986).

## III.

The Court cannot find, as a matter of law, that the danger associated with removing the boards was open and obvious.  However, because Plaintiff has not shown that Lowe's knew or had reason to know that the boards were likely to fall, summary judgment is appropriate.

### A. The Open and Obvious Doctrine

Ohio negligence law requires Plaintiff to prove that (1) Lowe's owed him a duty of care; (2) Lowe's breached that duty; and (3) this breach actually and proximately caused an injury to him. *Hernandez-Butler v. Ikea U.S. East, LLC*, 435 F. Supp. 3d 816, 822 (S.D. Ohio 2020) (citing *Lang v. Holly Hill Motel, Inc.*, 909 N.E.2d 120, 122 (Ohio 2009)).

The parties agree, at least tacitly, that the duty of care Lowe's owed to Plaintiff hinges on his status as a business invitee at the time of his injuries.  *See id*. ("[A] customer in a retail establishment … is an invitee"); *see also* Doc. No. 13 at PageID 114, Doc. No. 14 at PageID 135. "Under Ohio law, '[a] shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Hochstetler v. Menards*, 688 F. App'x 381, 383 (6th Cir. 2017) (quoting *Paschal v. Rite Aid Pharm.*, 480 N.E.2d 474, 475 (Ohio 1985)) (alterations in original). But this duty is limited -- a business owner does not owe a duty to safeguard someone "from dangers that are 'so obvious and apparent' that the customer 'may reasonably be expected to discover them and protect himself against them.'" *Weber v. Menard, Inc.*, No. 3:13-cv-229, 2014 WL 4965940, at *4 (S.D. Ohio Oct. 3, 2014) (quoting *Sidle v. Humphrey*, 233 N.E.2d 589, 591 (Ohio 1968)).

Open and obvious dangers are ones "in plain view and readily discoverable upon ordinary inspection." *Mohn v. Wal-Mart Stores, Inc.*, No. 6-08-12, 2008 WL 5053445, at *4 (Ohio Ct. App.

Dec. 1, 2008) (citing *Parsons v. Lawson Co.*, 566 N.E.2d 698 (Ohio 1989)).  To determine whether a hazard is open and obvious, the test is objective, meaning that a reasonable person would observe the condition.  *Hernandez-Butler*, 435 F. Supp. 3d at 823 (citing *Armstrong v. Lakes Golf & Country Club, Inc.*, 98 N.E.3d 328, 355 (Ohio Ct. App. 2018)).

In the present case, genuine issues of material fact exist over whether the display presented an open and obvious danger.  Lowe's displayed the boards vertically and openly so that a customer could take them.  Doc. No. 12-1 at PageID 81.  Reasonable customers may assume, as Plaintiff did, that they could remove one or more of those boards without causing the display to collapse.  Doc. No. 12-1 at PageID 82.  Moreover, those boards were evenly stacked and secured by the chain, so reasonable customers might not find an open or obvious danger that they would fall.  *Id.* at 80.  *See also Dillon-Garcia v. Marc Glassman, Inc.*, No. 86318, 2006 WL 302349, at *2–3 (Ohio Ct. App. Feb. 9, 2006).

In comparable cases, Ohio courts have required more than the facts alleged here to find an open and obvious hazard.  For instance, in *Hupp v. Meijer Stores Limited Partnerships*, a woman removed a rug from a store shelf only to have a rug from an adjacent shelf fall on her.  No. 05CE070047, 2006 WL 1085667, at *3 (Ohio Ct. App. Apr. 25, 2006).  The court still found that although the rug that fell was touching the rug that the woman took off the shelf, a reasonable person would recognize the inherent danger in removing such items from a shelf.  *Id.*  In *McGee v. Lowe's Home Centers*, the court found that pre-cut vinyl sheet flooring placed vertically on a shelf with a bar to hold them up posed an open and obvious hazard of falling, given the arrangement and the nature of its placement.  No. 06JE26, 2007 WL 2758668, at *1 (Ohio Ct. App. Sept. 21, 2007).

4

Yet in *Dillon-Garcia v. Marc Glassman, Inc*, the court found that it was not obvious that removing a can of spaghetti from a stack of cans would cause others to fall. 2006 WL 302349, at *3. It emphasized that "the issue of whether a hazardous condition is open and obvious may present a genuine issue of material fact for the jury to review." *Id.* at *2 (citing *Klauss v. Marc Glassman, Inc.*, No. 84799, 2005 WL 678984, (Ohio Ct. App. Mar. 24, 2005)). Thus, summary judgment was inappropriate because the jury was in the best position to determine whether the danger was obvious. *Id.*

The gist of Lowe's argument is that because the lumber boards were observable, upright, and surrounded by a cable, "the lumber itself was an open and obvious condition." Doc. No. 15 at PageID 143; *see also* Doc. No. 13 at PageID 117. But, as Plaintiff notes, while the boards themselves were obvious, the danger associated with them may not necessarily have been. Doc. No. 14 at PageID 137. Likewise, Plaintiff distinguishes the cases upon which Lowe's relies, arguing that those cases dealt with the danger of falling objects from overhead, rather than the risk that removing one board in the stack would cause all of them to fall -- a distinct difference. *Id.*

In *Hernandez-Butler v. Ikea U.S. East, LLC*, this Court disposed of a similar argument, finding that the danger associated with moving heavy furniture boxes was not so obvious as to warrant summary judgment. *Id.* A box fell on top of a woman after she moved an adjacent box, sitting on the same pallet, to her cart. *Id.* at 819–20. The Court distinguished between whether the boxes were obvious or whether the danger that they might fall was. *Id.* at 824. Then, the Court acknowledged that, while "many people have a generalized awareness" that objects stacked on top of each other can tip, it was not clear that a "jury necessarily *must* conclude that is the case." *Id.* (emphasis in original) (denying summary judgment because court could not find that vertically stacked boxes were an open and obvious hazard as a matter of law).

Similarly, considering that Ohio law is inconclusive on whether falling merchandise is an open and obvious hazard, this case is like *Hernandez-Butler*; there is no evidence that a jury *must* find that the danger posed from removing vertical wooden boards from Lowe's display is open and obvious. *Id.* Simply removing one board does not necessitate that they all should immediately fall upon an unsuspecting customer, especially when secured with a chain. *See Morrow v. Wal-Mart Stores East, LP*, No. 1:20-cv-162, 2021 WL 1140245, at *9 (S.D. Ohio Mar. 25, 2021) (citing *Tackett v. Wal-Mart Stores East, Inc.*, No. 1:05-cv-560, 2007 WL 2668133 (S.D. Ohio Sept. 6, 2007)). Some reasonable jurors could conclude that, like dominoes, the boards would tip if displaced; others might not find that the boards would fall just because they are arranged vertically. *See Weber*, 2014 WL 4965940, at *5 (denying summary judgment where it was a question of fact "whether the danger of ... precariously-stacked stovepipe parts can be deemed open and obvious"). Either way, this Court cannot decide, conclusively, and on the summary judgment record before it, that the danger that the boards posed was an open and obvious hazard.

### B. Notice Requirement

Even if the danger that the boards posed was not open and obvious, Lowe's contends that there is no evidence that it had notice of this condition. Doc. No. 13 at PageID 120. To recover as a business invitee, a plaintiff must show:

> 1. That the defendant, through its officers or employees, was responsible for the hazard complained of; or
>
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Hochstetler*, 688 F. App'x at 383 (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476-77 (6th Cir. 2010)). To prove that a business owner breached a duty owed to its customer, there must be evidence that the owner had either actual or constructive notice of the hazardous condition. *Ray v. Wal-Mart Stores, Inc.*, 993 N.E.2d 808, 823-24 (Ohio Ct. App. 2013). For constructive notice, "evidence of how long the hazard existed is mandatory in establishing a duty to exercise ordinary care." *Combs v. First Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio 1995).

Plaintiff offers no evidence indicating that Lowe's knew or had reason to know the display was dangerous. Plaintiff and his wife were the only two people in the aisle when the boards fell. Doc. 12-1 at PageID 82-83. Neither saw anyone from Lowe's manipulate the boards, set up the display, or position the boards in an unstable position. *Id.* at PageID 83. Furthermore, Plaintiff offers no video or documentary evidence supporting his claims. No reasonable jury could find that, based on such limited evidence, Lowe's had notice of a dangerous condition. *Contra Kemper v. Builder's Square, Inc.*, 671 N.E.2d 1104, 1109 (Ohio Ct. App. 1996) (finding triable issue existed for jury when plaintiff put forth evidence showing that store arranged vertically stacked boards without any restraint). Without more, Plaintiff merely speculates that Lowe's was negligent in stacking the boards -- a tactic unfit to survive summary judgment. *See Hansen v. Wal-Mart Stores, Inc.*, No. 07CA2990, 2008 WL 2152000, at *6 (Ohio Ct. App. May 20, 2008).

Rather, Plaintiff argues that Lowe's must "prove a negative" by showing it did not place the display in a dangerous manner. Doc. No. 14 at PageID 140; Doc. No. 15 at PageID 145. But this misunderstands the burden on summary judgment because, in response to Lowe's motion, the non-movant must allege "specific facts demonstrating a genuine issue for trial." *Hochstetler*, 688 F. App'x at 383 (citing *Matsushita*, 475 U.S. at 587–88).

7

Plaintiffs with similar arguments in similar scenarios also failed.  In *Hochstetler*, the Sixth Circuit disposed of a plaintiff's claim that Menards breached its duty of care owed to the plaintiff when a carpet roll fell onto her.  *Id.*  Like Plaintiff's allegations here, the plaintiff in that case gave no evidence that a Menards employee created the hazard.  *Compare id. with* Doc. No. 12-1 at PageID 83.  Similarly, the Ohio Court of Appeals found that a plaintiff could not recover after picture frames at Meijer fell on him because he offered no evidence that Meijer knew about, or permitted, the hazard.  *Hartman v. Meijer Stores Ltd. P'ship*, No. CA2010-03-065, 2010 WL 4340644, at *3 (Ohio Ct. App. Nov. 10, 2010); *see also Lacy v. Wal-Mart Stores, Inc.*, No. 11BE32, 2012 WL 1307075, at *7 (Ohio Ct. App. Mar. 27, 2012) (citing *Hansen*, 2008 WL 2152000, at *2) (granting summary judgment where plaintiff could not offer evidence of what caused a shelf to drop a monitor on plaintiff).

**IV.**

In conclusion, Plaintiff has offered no probative evidence to survive summary judgment.  *See Hostetler*, 688 F. App'x at 383.  There is no genuine issue of material fact as to Lowe's notice of the display's hazard.  Therefore, the Court **GRANTS** Defendant's motion for summary judgment.  This case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

  October 7, 2021                              s/Michael J. Newman
                                               Hon. Michael J. Newman
                                               United States District Judge